William E. BROWNING, Raymond L. Gravatt, David V. Hanna, John E. Luedecke, Jerry L. Williams, and Thomas P. Yusko, Plaintiffs,

v.

**AT & T PARADYNE, Defendant.**

**No. 92–1401–CIV–T–17B.**

United States District Court, M.D. Florida, Tampa Division.

Nov. 19, 1993.

Ronald W. Fraley, Fraley & Fraley, Tampa, FL, Frederick A. Stuart, Marguerite H. Taylor, Stuart & Irvin, Atlanta, GA, for plaintiffs.

Peter Wolfson Zinober, Zinober & McCrea, P.A., Tampa, FL, for defendant.

### ORDER ON DEFENDANT'S MOTION TO DISQUALIFY COUNSEL

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motion to Disqualify Counsel (Docket No. 18), filed August 2, 1993, and response thereto (Docket No. 26), filed October 4, 1993. Pursuant to Rules 4–1.6, 4–4.2, and 4–8.4(d) of the Rules Regulating The Florida Bar, and Local Rule 2.04(c) of the United States District Court for the Middle District of Florida, Defendant, AT & T Paradyne, has moved to disqualify counsel for Plaintiffs, William E. Browning, Raymond L. Gravatt, David V. Hanna, John E. Luedecke, Jerry L. Williams, and Thomas P. Yusko, for violation of these rules.

### I. BACKGROUND

In November, 1991, Defendant notified its workforce that it intended to implement a reduction-in-force (RIF). Shortly before the RIF was announced, Dennis Barsema, vice president of U.S. sales for AT & T Paradyne created a new department called Special

Markets. Plaintiffs, Browning, Gravatt, Luedecke, Williams, and Yusko were among the employees assigned to this new division. Plaintiff Luedecke was made Director of Special Markets and reported directly to Dennis Barsema. In November of 1991, Plaintiff Luedecke was informed of and became involved with the RIF. He reviewed the terminations of a number of employees and assisted in evaluations of other employees. Through the RIF, Plaintiffs Gravatt, Hanna and Williams were terminated, and Plaintiffs Browning and Yusko were demoted. Shortly thereafter, Plaintiff Luedecke was also terminated. In response to the effect of the RIF, Plaintiffs Browning, Gravatt, Hanna, Williams and Yusko brought an age discrimination claim against Defendant. Plaintiff Luedecke also filed an EEOC charge and was later joined as a plaintiff in this suit.

### A. Defendant's Allegations

Defendant has alleged that Luedecke's involvement as a plaintiff in this case raises serious ethical problems. Specifically, because Plaintiff Luedecke was a supervisory employee, and because he was instrumental in the decision making concerning certain employee terminations, Defendant asserts that Plaintiff Luedecke is a party within the meaning of *Fla.Bar Code of Prof.Cond.*, 4–4.2. Rule 4–4.2 prohibits attorneys from directly communicating with adverse parties, including employees or former employees of the corporate parties represented by counsel. Through this reasoning, Defendant asserts that any *ex parte* communication with Plaintiff Luedecke by other Plaintiffs and their counsel is strictly prohibited, and that Plaintiffs' counsel violated this rule warranting their disqualification. Furthermore, Defendant alleges that there is the appearance that Plaintiffs' counsel has violated *Fla.Bar Code of Prof.Cond.*, 4–1.6, by improperly inducing Plaintiff Luedecke to disclose confidential and proprietary matters relating to Defendant's managerial practices and strategies. Defendant concludes that this behavior constitutes conduct which is prejudicial to the administration of justice, thereby violating *Fla.Bar Code of Prof.Cond.*, 4–8.4.

### B. Plaintiffs' Allegations

Plaintiffs assert that Plaintiff Luedecke is not a "party" within the meaning of Rule 4–4.2, because he is a former employee and is outside the scope of the rule. Therefore, Plaintiffs' counsel's representation of Plaintiff Luedecke is not in violation of Rule 4–4.2.

Plaintiffs further allege that even if Plaintiff Luedecke could be considered a "party" under Rule 4–4.2, Defendant has waived any right to assert control over Plaintiff Luedecke. Specifically, when Defendant filed a counterclaim against Plaintiff Luedecke, Plaintiff Luedecke's interests are then in conflict with Defendant and Plaintiff Luedecke necessarily could not be represented by Defendant's counsel. Therefore, Plaintiffs claim that Plaintiff Luedecke is not a party represented by Defendant's counsel for purposes of 4–4.2.

In addition, Plaintiffs have asserted that there is no evidence that Plaintiff Luedecke had any access to any of Defendant's privileged information or legal strategies. Again, without access to this type of information, Plaintiffs claim that Plaintiff Luedecke is not a "party" within the meaning of *Fla.Bar Code of Prof.Cond.* 4–4.2.

## II. ANALYSIS

### A. Standard for Disqualification

The professional conduct of all members of the Bar of this Court is governed by the model rules of professional conduct of the American Bar Association as modified and adopted by the Supreme Court of Florida. *U.S.Dist.Ct., M.D.Fla.Loc.R. 2.04(c)*. While the Code of Professional Conduct does not contain an express provision prohibiting the appearance of impropriety, Florida law clearly retains this requirement. The Florida Supreme Court has ruled that attorneys must still avoid even the appearance of professional impropriety. *State Farm Mutual Auto. Co. v. K.A.W., etc., et al.*, 575 So.2d 630, 633 (Fla.1991). Accordingly, it has been held that "even an appearance of impropriety may, under appropriate circumstances, require prompt remedial action from the court.

Consequently, any doubt is to be resolved in favor of disqualification." *Id.* at 718.

## B. Ex Parte Communication With Former Employees

The Supreme Court of Florida has adopted the Rules Regulating The Florida Bar, which are patterned after the ABA Model Rules of Professional Conduct. Model Rule 4.2 states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a Party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer, or is authorized to do so.

The comments to this Model Rule explain its application where the client is an organization instead of an individual.

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter of representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

▮ An organizational "party" is defined as including: (1) managerial employees, (2) any other person whose acts or omissions in connection with the matter at issue may be imputed to the corporation for liability, and (3) persons whose statements constitute admissions by the corporation. *Rentclub, Inc. v. TransAmerica Rental Finance Corp.,* 811 F.Supp. 651 (M.D.Fla.1992) citing *Polycast Technology Corp. v. Uniroyal, Inc.,* 129 F.R.D. 621, 625 (S.D.N.Y.1990). The cases that have followed the traditional interpretation of DR 7–104(A)(1), the precursor to Model Rule 4.2, which was not meant to include former employees within the definition of corporate "party", do not involve the situation where a former employee was privy to the corporation's legal strategies after his employment had terminated or where a former employee had access to privileged information while employed. *Rentclub, Inc. v.*

*TransAmerica Rental Finance Corp.,* 811 F.Supp. 651 (M.D.Fla.1992). It has been held that "the problem of protecting privileged material is best dealt with on a case-by-case basis. And where there is a strong likelihood that a former employee does possess such information, an appropriately tailored order can be issued." *Rentclub,* (quoting *Polycast* at 628). In reliance on Rule 4–4.2 and its corresponding comments, this Court has and continues to hold that a "party" for purposes of this rule includes former managerial employees, if their statements "... could be admissions against the corporation or ... their actions could be imputed to the corporation." *Rentclub, Inc. v. TransAmerica Rental Finance Corp.,* 811 F.Supp. 651 (M.D.Fla.1992).

▮ In reliance on 4–4.2 and this Court's interpretation of the rule set forth in *Rentclub,* Defendant asserts that Plaintiff Luedecke falls into the former managerial employee category. This Court finds that *Rentclub* is not totally instructive in the instant case. In *Rentclub,* Canales was a former high ranking employee that was hired as a fact witness to give information against his former employer. However, Canales was not a party in that action or a party in any other action related to his former employer. Therefore, Canales had not been put into a position where his interests were in conflict with the interests of his employer. Because this conflict did not exist, it was feasible that Canales would be represented, because of his corporate party status, by his former employer's counsel. Therefore, Canales' retention as a fact witness by the plaintiffs' counsel was *ex parte* communication in violation of Rule 4–4.2.

In contrast, Plaintiff Luedecke could not be represented by Defendant's counsel since their interests are in conflict as is evidenced by Plaintiff Luedecke's Age Discrimination suit against Defendant and Defendant's counterclaim against Plaintiff Luedecke. Counsel for Plaintiffs therefore did not communicate about the subject matter of the representation in this case with a party they knew to be represented by another lawyer. Plaintiffs' counsel cannot be logically accused of having

*ex parte* communications with their own client. Based on this contention, contact by Plaintiffs' counsel with Plaintiff Luedecke is not in violation of Rule 4–4.2. Therefore, counsel for Plaintiffs will not be disqualified based on the reasoning of *Rentclub* and there is no violation of Rule 4–4.2.

### C. Rule 4–1.6 and 4–8.4

 Defendant's assertion that Plaintiffs' counsel have violated Rule 4–1.6, is unfounded. Rule 4–1.6 requires attorneys to maintain confidentiality and imposes upon attorneys a correlative duty to refrain from inducing others to disclose confidential matters. It is necessary that Plaintiff Luedecke disclose pertinent matters to his counsel in furtherance of the case in which he is a party. This does not fall within the realm of improperly inducing Plaintiff Luedecke to disclose confidential matters. In fact, Defendant has recognized that the information that Plaintiff Luedecke is privy to is not considered privileged and does not suggest that Plaintiffs may not obtain it through proper discovery. Defendant is concerned by the fact that Plaintiffs will have access to this information outside the bounds of traditional discovery. This particular concern is not within the scope of Rule 4–1.6.

■ Additionally, this Court also finds unfounded Defendant's contention that Plaintiffs' counsel have violated Rule 4–8.4(d). Rule 4–8.4(d) prohibits attorneys from engaging in conduct that is prejudicial to the administration of justice. Defendant claims that Defendant is forbidden from having any *ex parte* communication with Plaintiff Luedecke, and must rely upon formal discovery to learn what Plaintiff Luedecke knows. Further, Defendant claims that so long as Plaintiffs' counsel represents Luedecke, attorney-client privilege bars Defendant from obtaining disclosure of the statements and information that Plaintiff Luedecke has shared with opposing counsel. Given the adversarial relationship which exists between Defendant and Plaintiff Luedecke, the situation that Defendant complains of would exist whether or not Plaintiff Luedecke was represented by Plaintiffs' counsel or if Plaintiff Luedecke was represented by separate coun-

sel. Furthermore, if Plaintiff Luedecke were to have counsel separate from the other Plaintiffs, Defendant still could not prevent Plaintiff Luedecke from cooperating fully with the other Plaintiffs if Plaintiff Luedecke chose to do so. This Court does not agree that Defendant is impeded from preparing its own defense beyond the normal inconvenience of having to participate in the formal discovery process. Therefore, this Court does not find that counsel for Plaintiffs should be disqualified based on a violation of either Rule 4–1.6 or Rule 4–8.4(d).

### III. CONCLUSION

This Court finds no grounds upon which to disqualify Plaintiffs' counsel. Accordingly, it is:

ORDERED that Defendant's Motion to Disqualify Counsel (Docket No. 18) be DENIED.

DONE AND ORDERED.